UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD ALFONSO DANNER,

        Petitioner,                            Case Number 10-11434
                                                      Honorable David M. Lawson

v.

RAYMOND D. BOOKER,

        Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

      Petitioner Ronald Alfonso Danner, a prisoner in the custody of the Michigan Department of Corrections, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his cocaine delivery conviction and ensuing prison sentence. The petitioner alleges that his sentencing guidelines were incorrectly scored, the sentencing judge failed to consider mitigating circumstances when imposing the sentence, his sentence was cruel and unusual, trial and appellate counsel were ineffective, and his guilty plea was based on an impermissible charge as part of the plea agreement. The respondent has filed an answer, asserting that the petitioner's claims are procedurally defaulted and lack merit. The Court will deny the petition because the petitioner has not shown that his federal constitutional rights were abridged.

I.

      The petitioner was a passenger in a motor vehicle driven by Andre Betts, which was stopped for speeding on March 14, 2007. The state trooper who stopped the car arrested Betts for driving on a suspended license, and found a large bag of marijuana in Betts's pocket. He also smelled marijuana, and upon questioning the petitioner admitted that he smoked a blunt earlier, and that it

may still bein the vehicle. The petitioner was arrested, and the police discovered a bag containing 200 grams of cocaine concealed in his underwear.

The petitioner pleaded guilty in the Berrien County, Michigan circuit court to possession with intent to deliver more than 50 grams of cocaine. In exchange for his guilty plea, the prosecutor agreed to dismiss a charge of being a second controlled substance offender, which would have doubled the minimum and maximum penalties that the petitioner faced on the underlying cocaine charge. *See* Mich. Comp. Laws § 333.7413(2). The prosecutor also agreed to dismiss a second count of possession of marijuana, second offense. The petitioner was sentenced to a prison term of 99 months to 20 years.

The petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, which was denied. *People v. Danner*, No. 286283 (Mich. Ct. App. Aug. 7, 2008). His motions for reconsideration and to remand were denied as well. *People v. Danner*, No. 286283 (Mich. Ct. App. Sept. 5, 2008); *People v. Danner*, No. 286283 (Mich. Ct. App. Sept. 25, 2008). The Michigan Supreme Court denied leave to appeal. *People v. Danner*, 483 Mich. 855, 759 N.W.2d 6 (2009).

The petitioner then filed a petition for writ of habeas corpus, which this Court held in abeyance on April 27, 2010, so that the petitioner could return to the state courts and exhaust additional claims.

The petitioner filed a post-conviction motion for relief from judgment, which the trial court denied. *People v. Danner*, No. 2007-401333-FH (Berrien County Circuit Court, May 19, 2009). The Michigan appellate courts denied the petitioner leave to appeal. *People v. Danner*, No. 298565 (Mich.Ct.App. Sept. 21, 2010), *lv. den.* 489 Mich. 895, 796 N.W. 2d 63 (2011).

On May 23, 2011, this Court restored the petition for writ of habeas corpus to the Court's active docket.

In his original and amended habeas petitions, the petitioner seeks a writ of habeas corpus on the following grounds:

>   I. Did the trial court unlawfully deprive the defendant of his due process, equal protection, and other protected rights under the United States and Michigan Constitutions when it scored 10 points on OV-19?
>
>   II. Did the trial court unlawfully deprive the defendant of his due process, equal protection, and other [protected rights under the] Michigan Constitution when it failed to take into account all mitigating evidence in sentencing the defendant?
>
>   III. Did the trial court unlawfully violate the United States and Michigan Constitutions in sentencing the defendant to a prison term of 99-240 months on the PWID 50-449 grams of cocaine conviction[, and failed to consider rehabilitation potential, imposed a sentence in violation of Blakely principles and imposed a sentence which was cruel and unusual]?

Pet. at 5-6, 8.

>   IV. Defendant was deprived of his right to effective assistance of counsel in violation of the VI Amendment to the United States Constitution, when counsel allowed the prosecutor to use an offense which did not exist as part of the plea agreement, failed to recognize that the plea was involuntary, failed to move to have the cocaine suppressed as stemming from an illegal arrest because there was no probable cause to arrest petitioner, and where counsel on appeal as of right failed to recognize and raise the substantial issues now being raised.
>
>   V. Petitioner was deprived of his right to due process in violation of the V & XIV Amendments to the United States Constitution when the learned trial judge allowed the prosecutor to use an impermissible charge that was not part of the magistrate's return, where jeopardy never attached, resulting in a radical jurisdictional defect, thus never having jurisdiction to except (sic) the guilty plea, rendering the proceeding void ab initio.
>
>   VI. Petitioner was denied due process and fundamental fairness when the learned trial judge allowed the prosecutor to use a legally impermissible charge (possession of marijuana) as part of the plea agreement, which charge did not exist causing the proceeding to be involuntary, as well as illusory, where the use of such an inaccurate charge caused the sentence to be invalid and void.

Amend. Pet. at 2-3. The respondent filed an answer contending that the claims lack merit, and some of them are barred from habeas review because the petitioner did not present them properly according to the state's procedure.

II.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering an application for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). Because Danner filed his petition after the AEDPA's effective date, its standard of review applies. Under that statute, if a claim was adjudicated on the merits in state court, a federal court may grant relief only if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the *dicta*, of [the Supreme] Court's decisions." *White v. Woodall*, --- U.S. ---, 134 S. Ct. 1697, 1702 (2014) (internal quotation marks and citations omitted). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, --- U.S. ---, 131 S. Ct. 770, 786-87 (2011).

The distinction between mere error and an objectively unreasonable application of Supreme Court precedent creates a substantially higher threshold for obtaining relief than *de novo* review. The AEDPA thus imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be "given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (finding that the state court's rapid declaration of a mistrial on grounds of jury deadlock was not unreasonable even where "the jury only deliberated for four hours, its notes were arguably ambiguous, the trial judge's initial question to the foreperson was imprecise, and the judge neither asked for elaboration of the foreperson's answers nor took any other measures to confirm the foreperson's prediction that a unanimous verdict would not be reached" (internal quotation marks and citations omitted)); *see also Dewald v. Wriggelsworth*, 748 F.3d 295, 298-99 (6th Cir. 2014); *Bray v. Andrews*, 640 F.3d 731, 737-39 (6th Cir. 2011); *Phillips v. Bradshaw*, 607 F.3d 199, 205 (6th Cir. 2010); *Murphy v. Ohio*, 551 F.3d 485, 493-94 (6th Cir. 2009); *Eady v. Morgan*, 515 F.3d 587, 594–95 (6th Cir.2008); *Davis v. Coyle*, 475 F.3d 761, 766-67 (6th Cir. 2007); *Rockwell v. Yukins*, 341 F.3d 507, 511 (6th Cir. 2003) (en banc). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, --- U.S.---, 131 S. Ct. 1388, 1398 (2011).

A.

The petitioner's first three claims all challenge the validity of his sentence. He contends that the trial court improperly scored 10 points for Offense Variable (OV) 19 pertaining to obstruction of justice and providing false information; the trial court failed to take into account mitigating circumstances, while at the same time improperly considered factual findings that were not found by a jury or admitted by him (in violation of *Blakely v. Washington*, 542 U.S. 296 (2004)); the trial

court failed to consider the petitioner's rehabilitative potential; and the sentence imposed violated the Eight Amendment ban against cruel and unusual punishment. None of these arguments merits habeas relief.

A claim that the state trial court incorrectly scored, calculated, or applied the state legislative sentencing guidelines is not a cognizable claim for federal habeas review because it is based solely on state law. *See McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Therefore, the petitioner's claim that the trial court erred in scoring Offense Variable 19 under the state sentencing guidelines is not cognizable on federal habeas review because it is a state law claim. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797-98 (E.D. Mich. 1999).

The petitioner also argues that his sentence violated the Sixth Amendment because it was based upon factors not submitted to a jury and proven beyond a reasonable doubt or admitted to by the petitioner. Prior circuit law foreclosed that argument. *See Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009) ("[The petitioner] argues that the Michigan trial judge violated *Apprendi [v. New Jersey*, 530 U.S. 466 (2000)] by finding facts that raised his minimum sentence. But *Harris v. United States*[, 536 U.S. 545 (2002)] tells us that *Apprendi*'s rule does not apply to judicial factfinding that increases a minimum sentence so long as the sentence does not exceed the applicable statutory maximum."). However, the Supreme Court recently decided *Alleyne v. United States*, in which *certiorari* was granted to consider the constitutionality of allowing a judge, not a jury, to determine facts that increase a mandatory minimum sentence. --- U.S. ---, 133 S. Ct. 420 (2012).

*Alleyne* was decided on June 17, 2013.  --- U.S. ---, 133 S. Ct. 2151.  The Court overruled *Harris* and held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt.  Mandatory minimum sentences increase the penalty for a crime.  It follows, then, that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Id.* at 5155 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 483, n.10, 490 (2000)).

Michigan uses an indeterminate sentencing scheme for custodial sentences in which the maximum sentence is set by the statute that defines the crime and the sentencing court sets a minimum term of imprisonment that may be as long as two-thirds of the statutory maximum sentence. *See* Mich. Comp. Laws § 769.34(2)(b); *People v. Babcock*, 469 Mich. 247, 255 n.7, 666 N.W.2d 231, 236 n.7 (2003) (citing *People v. Tanner*, 387 Mich. 683, 690, 199 N.W.2d 202 (1972)). However, the sentencing court is obliged to set the minimum term as dictated by the statutory sentencing guideline scheme, which is driven by a scoring system based largely on judge-found facts. *See* Mich. Comp. Laws § 769.34(2); *People v. Drohan*, 475 Mich. 140, 161, 715 N.W.2d 778, 790 (2006).

Because the mandated minimum sentence under Michigan's sentencing system is based on judge-found facts, the Supreme Court's decision in *Alleyne* casts into doubt the continuing validity of *Chontos v. Berghuis*.  But that does not matter here.  The writ of habeas corpus upsetting a state court sentence may issue only if the state court's decision was contrary to, or unreasonably applied, "clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d).  But the law that state courts must follow is clearly established Supreme Court law as it existed "at the time of the state-court adjudication on the merits." *Greene v. Fisher*, ---

U.S. ---, ---, 132 S. Ct. 38, 43 (2011); *see also Miller v. Stovall*, 742 F.3d 642, 644-45 (6th Cir. 2014). Therefore, even if *Alleyne* requires a result different than *Chontos*, the state court's decision was not contrary to federal law clearly established by the United States Supreme Court at the time of the sentencing decision. *See* 28 U.S.C. § 2254(d). The petitioner is not entitled to habeas relief on his Sixth-Amendment-based sentencing claim.

The petitioner also argues that the trial court failed to consider mitigating evidence and the petitioner's rehabilitative potential when fashioning his sentence. When reduced to its essence, the petitioner is asserting that the sentence is out of proportion to the circumstances of the crime and his individual characteristics. That cannot afford the petitioner habeas relief for several reasons.

First, "there is no constitutional principle that prefers rehabilitation over deterrence and retribution as a goal of sentencing." *Fielding v. LeFevre*, 548 F. 2d 1102, 1108 (2d Cir. 1977).

Second, although a sentence violates due process if it is based on "misinformation of constitutional magnitude[,]" *Roberts v. United States*, 445 U.S. 552, 556 (1980), or on "extensively and materially false" information, which the defendant had no opportunity to correct, *Townsend v. Burke*, 334 U.S. 736, 741 (1948), there is no suggestion that the sentencing judge in this case used unsupported facts or bad information in fashioning the sentence.

Third, there exists no constitutional right to strict proportionality in sentencing. *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991). However, the Eighth Amendment prohibits "extreme sentences that are 'grossly disproportionate' to the crime." *Id.* at 1001 (Kennedy, J. concurring) (quoting *Solem v. Helm*, 463 U.S. 277, 288 (1983)). The Sixth Circuit has held that "a sentence within the statutory maximum set by statute generally does not constitute 'cruel and unusual punishment.'" *United States v. Organek*, 65 F.3d 60, 62-63 (6th Cir. 1995); *see also Hutto v. Davis*,

454 U.S. 370, 374 (1982) (cautioning that "federal courts should be reluctant to review legislatively mandated terms of imprisonment and . . . successful challenges to the proportionality of particular sentences should be exceedingly rare") (internal quotation marks omitted). The petitioner's sentence did not exceed the statutory maximum for his offense. He was convicted and sentenced under a plea agreement that called for dismissal of a marijuana second offense conviction and reduced the petitioner's maximum prison sentence on the delivery of cocaine charge from forty years to twenty years. The trial court sentenced the petitioner at the bottom of his guideline range. (Sentence Tr. at 5, 14). The petitioner's sentence was not grossly disproportionate to the crime or the offender.

B.

The petitioner next contends that trial and appellate counsel were ineffective because they failed to 1) challenge an offense that was not part of the magistrate's bind-over return, 2) have the cocaine suppressed as stemming from an illegal arrest, and 3) challenge the use of an offense in the plea agreement when the charge did not exist thereby causing the proceeding to be involuntary and illusory. The state trial court addressed these claims at the post-conviction motion hearing and found them wanting. This Court agrees. None of the underlying claims of error has merit; therefore, the petitioner's lawyers did not perform deficiently when they did not raise a challenge based on those issues. *Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2014) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial."); *United States v. Steverson*, 230 F.3d 221, 225 (6th Cir. 2000).

The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), governs the Court's analysis of ineffective-assistance-of-counsel claims. *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). To establish a claim of ineffective assistance of counsel, a defendant must show both

deficient performance and prejudice. *Premo v. Moore*, --- U.S. ---, ---, 131 S. Ct. 733, 739 (2011) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009)).

Because of the high deference accorded state court determinations by AEDPA, establishing that counsel was ineffective and, therefore, the petitioner was denied his right to counsel under the Sixth Amendment is difficult. The Supreme Court recently explained:

> "Surmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010) . . . . The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. *Strickland*, 466 U.S. at 690.
>
> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id*., at 689; *Lindh v. Murphy*, 521 U.S. 320, 333, n.7 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S. at 123. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. *Ibid*. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Richter*, 131 S. Ct. at 788.

On habeas review, "[t]he question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable — a substantially higher threshold.'" *Knowles*, 556 U.S. at 123 (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). Moreover, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Ibid*. (citing *Alvarado*, 541 U.S. at 664).

The first and third points noted above relate to the supposed illusory nature of the plea bargain. The petitioner reasons that one of the prosecutor's bargaining chits never really existed,

so apparently he was led to accept a pig in a poke. The petitioner believes his trial attorney was incompetent for allowing him to do that. The chimerical bargaining chit was a second offense marijuana charge — a felony under state law — which had not been part of the original complaint considered by the magistrate before binding over the case to circuit court. The record shows, however, that the prosecutor supplemented the criminal information with the felony marijuana charge, and the petitioner never asked for a probable cause hearing on the new charge.

The trial court denied the petitioner's post-conviction motion for relief from judgment on this issue, explaining:

> Defendant also argues that his plea was illusory. So long as a plea is voluntary it will be upheld, regardless of whether the defendant receives consideration in exchange for the plea. *People v Mrozek*, 147 Mich App 304, 306-307 (1985). In order for a plea to be voluntary, "a defendant must know the direct consequences of his plea, including 'the actual value of any commitments made to him.'" *People v Peete*, 102 Mich App 34, 37-38 (1980), citing *People v Lawson*, 75 Mich App 726, 730 (1977), [citation omitted]. A guilty plea is involuntary as a matter of law if the bargain on which the plea is based is illusory. *Mrozek, supra*. A plea bargain is not illusory if "the value of a bargain is genuine, is valid, and is known to a defendant." *Id*. at 307. In addition, a motion to withdraw a plea is "generally regarded as frivolous where the circumstances indicate that the defendant's true motivation for moving to withdraw is a concern regarding sentencing." *People v Haynes*, 221 Mich App 551,559 (1997).
>
> Here, Defendant claims that his plea was illusory because he pleaded to his Count 1 charge in exchange for the prosecution dismissing his Count 2 charge of Possession of Marijuana, Second Offense, and the Court did not find probable cause on the felony marijuana charge at the preliminary examination. However, the Prosecutor advised the Court, Defendant, and defense counsel on the record of her intent to supplement the marijuana charge, making it a felony. Defendant did not demand further probable cause proceedings on the felony marijuana charge, and, in fact, entered a plea of not guilty and waived arraignment on the charge. In order to show that the plea was illusory, Defendant has to show that he was misinformed as to the benefit of the plea. Here, the value of the plea bargain was genuine, valid, and known to Defendant.

*People v. Danner*, No. 2007-401333-FH, at * 8-9. (Berrien Cnty. Cir. Ct., May 19, 2009).

The state court's decision correctly applied federal constitutional law. There was no reason trial or appellate counsel should have attacked the plea agreement, because the marijuana charge was no phantom, as the petitioner insists. It was an offense that the petitioner was facing, and its dismissal was genuine consideration given by the prosecutor. Under Michigan Compiled Laws § 333.7413(2), a person convicted of being a second or subsequent drug offender can be sentenced to double the minimum and maximum penalties for the underlying drug conviction. *See People v. Lowe*, 484 Mich. 718, 731-732, 773 N.W.2d 1 (2009). With the dismissal of the second controlled substance offender charge, the petitioner's maximum sentencing exposure was reduced from forty to twenty years. The petitioner also obtained the dismissal of the misdemeanor marijuana charge. Because the petitioner had been bound over on the felony charge of possession with intent to deliver cocaine, the trial court had jurisdiction to try the petitioner on both the felony and the misdemeanor marijuana charge. *People v. Bidwell*, 205 Mich. App 355, 358, 522 NW2d 138 (1994). The petitioner received a tangible benefit by pleading guilty; therefore, his plea was not illusory. *See McAdoo v. Elo*, 365 F.3d 487, 498 (6th Cir. 2004).

The petitioner also claims that his trial counsel was ineffective for failing to move to have the cocaine suppressed as stemming from an illegal arrest because there was no probable cause to arrest the petitioner. Even if counsel's performance was deficient, to obtain habeas relief based on a failure to litigate a Fourth Amendment claim, a petitioner must establish prejudice by showing that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986); *see also Mack v. Jones*, 540 F. Supp. 2d 840, 848 (E.D. Mich. 2008).

In denying the petitioner's post-conviction motion for relief from judgment, the trial court found that the petitioner had been stopped for speeding, and, after smelling marijuana, the officer questioned the petitioner who admitted to having smoked marijuana earlier that day. Believing that the automobile contained contraband, the officer conducted a search of the vehicle, found marijuana near the petitioner, then searched the petitioner incident to arrest. The court determined that the search did not violate the Fourth Amendment. *People v. Danner*, No. 2007-401333-FH, at *7-8 (Berrien Cnty. Cir. Ct., May 19, 2009). The petitioner's claim that the cocaine stemmed from an illegal arrest and ensuing search is without merit. Therefore, trial counsel was not ineffective by not filing a motion to suppress the evidence.

Moreover, an unconditional guilty plea constitutes a waiver of all pre-plea, non-jurisdictional, constitutional deprivations. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Pre-plea claims of ineffective assistance of trial counsel are considered nonjurisdictional defects that are waived by a guilty plea. See *United States v. Stiger*, 20 F. App'x. 307, 309 (6th Cir. 2001); *see also Siebert v. Jackson*, 205 F. Supp. 2d 727, 733-34 (E.D. Mich. 2002) (holding that a habeas petitioner's claims of deprivations of his constitutional rights that occurred before his guilty plea, as a result of his trial counsel's alleged ineffective assistance, were foreclosed by his guilty plea, where he stated at the plea hearing that he was satisfied with counsel's representation, and he did not complain of counsel's advice concerning plea agreement). The petitioner's pre-plea claims of ineffective assistance of trial counsel have been waived by his guilty plea.

Nor can appellate counsel be deemed ineffective for not raising the ineffective assistance of trial counsel or involuntary plea claims on direct appeal. The Supreme Court has made clear that a criminal defendant has no constitutional right to demand that appellate counsel raise every possible

colorable issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). "'[W]innowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones*, 463 U.S. at 751–52). Appellate counsel therefore need not raise every nonfrivolous issue, although he must exercise reasonable professional judgment. *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003) (citing *Jones*, 463 U.S. at 751–53). Moreover, appellate counsel need not raise non-meritorious claims on appeal. *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010) (citing *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)).

### III.

For the reasons stated, the Court concludes that the state court did not contravene or unreasonably apply federal law as determined by the Supreme Court. Therefore, the petitioner has not established that he is presently in custody in violation of the Constitution of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: July 16, 2014

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 16, 2014.

                                        s/Shawntel Jackson
                                        SHAWNTEL JACKSON